UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JOHNNY BANKS SCOTT AND ROSANNA
FERNANDEZ,

                Plaintiffs,

-against-

THE CITY OF NEW YORK, an
UNIDENTIFIED NEW YORK CITY POLICE
LIEUTENANT and UNIDENTIFIED NEW
YORK CITY POLICE OFFICERS all are sued
herein as individuals,

                Defendants.

-------------------------------------------------------------X

14 CV 9464

COMPLAINT

JUDGE KOELTL



**Jury Trial Demanded**

Plaintiffs, by their attorneys, The Law Office of Fred Lichtmacher P.C., allege the following upon information and belief as their Complaint:

## JURISDICTION

1    Jurisdiction is founded upon the existence of a Federal Question.

2    This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to Plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 as well as pursuant to the common law and statutes of the State of New York.

3    Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343 (3 & 4).

4    Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1).

5    This Court has jurisdiction to hear Johnny Banks Scott's state claim pursuant to 28 U.S.C. § 1367.

## PARTIES

6      The Plaintiffs, Johnny Banks Scott and Rosanna Fernandez, are residents of the County of Queens in the State of New York.

7      Defendant City of New York is a Municipal Corporation within New York State.

8      Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Police Department as a constituent department or agency and at all times relevant, the City of New York employed the Defendants Unidentified Police Officers.

9      Defendants, an Unidentified New York City Police Lieutenant and Unidentified Police Officers, were at all times relevant duly appointed and acting as employees of the New York City Police Department and they are sued herein in their capacity as individuals.

10      Defendants an Unidentified New York City Police Lieutenant and Unidentified Police Officers are liable for directly participating and/or failing to intervene to prevent the acts described herein.

11      Each and all of the acts of the Defendants alleged herein regarding the violations of Plaintiffs' rights were done by the Defendants, acting as state actors acting under the color of law.

12      Plaintiff Johnny Banks Scott's Notice of Claim was served on the Comptroller for the City of New York on or about April 26, 2014 and more than thirty days have elapsed since service was completed and as of this date Plaintiff's demand for payment has not yet been addressed by the Defendants.

13      The state claim in this cause of action is commenced within one year and ninety days of when this cause of action arose and Plaintiffs' federal claims are brought in a timely manner within three years of the date they accrued.

14      Johnny Banks Scott appeared at a 50-h hearing on September 10, 2014.

15      Defendant City of New York is vicariously liable to Johnny Banks Scott for the individual Defendants' common law torts via the principle of *respondeat superior*.

16      New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

## NATURE OF THE CLAIM

17      On January 27, 2014 in the evening Johnny Banks Scott and Rosanna Fernandez went to 3rd Street and 27th Avenue in Queens to help their friend move some boxes out of his apartment.

18      When Mr. Scott and Ms. Fernandez arrived at the apartment building, they noticed a van parked near the stairs of the building.

19      Before they got the chance to go into the building, police officers in plain clothes stepped out of the van.

20      As soon as the plain clothes police officers stepped out of the van, two unmarked police cars pulled up on 3rd Street.

21      The police officers told Mr. Scott and Ms. Fernandez to freeze.

22      At that time, Plaintiffs' friend who they were there to assist in moving was close by near the steps of the apartment building.

23      Police officers then surrounded Plaintiffs' and their friend.

24      Mr. Scott, Ms. Fernandez, and their friend were asked to produce their IDs and they complied with the request.

25      One Unidentified Defendant Police Officer in plain clothes asked Mr. Scott to put out his cigarette because he stated he was going to be searched and he complied.

26      The officers proceeded to search Mr. Scott and his friend.

27      The Defendants were talking to Plaintiffs' friend about a motorcycle.

28      Fernandez then proceeded to ask the officers if they could leave, to which one of the Unidentified Defendants replied they could not.

29      Mr. Scott asked the officer why they could not leave and what exactly they were being charged with.

30      At that point Defendant Unidentified New York City Police Lieutenant (the Lieutenant) spoke with Mr. Scott and Ms. Fernandez, telling them in an accusatory tone they know exactly what is going on.

31      The Lieutenant conveyed the Defendants were there due to an allegation regarding a stolen motorcycle while Mr. Scott explained he had no knowledge of a stolen motorcycle and they were just there to help move some boxes.

32      The Lieutenant, apparently annoyed that his investigation was not progressing satisfactorily, told the Plaintiffs and their friend that somebody knows.

33      The Lieutenant said that he has been working on the force for 26 years and kept repeating that somebody knows something.

34      Apparently frustrated he could not get information about a crime neither Mr. Scott, Ms. Fernandez nor their friend even knew had occurred the Lieutenant ordered the other police officers to arrest all of them.

35      Mr. Scott and his friend were handcuffed and a female officer in plain clothes approached Fernandez and proceeded to search her.

36      Both Mr. Scott and his friend were placed in an unmarked vehicle and taken to the 114 Precinct.

37      The female officer in plain clothes handcuffed and placed Ms. Fernandez in another unmarked car and took her to the 114 Precinct.

38    Ms. Fernandez was released from the 114th precinct without being charged with a crime.

39    Mr. Scott was subsequently taken from the precinct to central booking.

40    The evening of the following day, January 28, 2014 at about 9:00 p.m., Mr. Scott was released from central booking without seeing a judge and without being charged with a crime.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS
### JOHNNY BANKS SCOTT AND ROSANNA FERNANDEZ
### VIOLATION OF PLAINTIFFS' FOURTH AMENDMENT RIGHTS
### VIA FALSE ARREST

41    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

42    Plaintiffs' rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, by the Defendants via a false arrest.

43    The Plaintiffs were confined by Defendants; Defendants intended to confine the Plaintiffs; Plaintiffs were conscious of their confinement; and Plaintiffs did not consent to their confinement which was not otherwise privileged.

44    Plaintiffs had not committed nor did Defendants reasonably believe they were about to commit any crimes when they were arrested.

45    Defendants did not have probable cause nor even a reasonable suspicion to stop, search and arrest the Plaintiffs.

46    As a direct consequence of Defendants' actions, Plaintiffs were deprived of their rights, privileges and immunities pursuant to the Fourth Amendment of the United States Constitution and more particularly, their right to be free from arrest without probable cause.

47      Among other invasions of their privacy, offenses to their dignity and violations of their rights, Plaintiffs were subjected to being handcuffed, searched, confined, insulted, humiliated, embarrassed and they were otherwise harmed.

48      Defendants who were aware of the false arrests and permitted the illegal detentions of the Plaintiffs to commence and continue, are liable to Plaintiffs by virtue of their failure to act pursuant to their affirmative duty to intervene.

49      By reason of the foregoing, Plaintiffs have been damaged in sums to be determined at trial; Plaintiffs are entitled to awards of punitive damages; and Plaintiffs are entitled to awards of attorney's fees pursuant to 42 U.S.C. § 1988.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF JOHNNY BANKS SCOTT
### VIOLATION OF THE COMMON LAW OF THE STATE OF NEW YORK
### VIA FALSE ARREST

50      Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

51      Mr. Scott's rights have been violated pursuant to the common law of the State of New York by a false arrest.

52      Mr. Scott was stopped by the Defendants; confined by the Defendants; Defendants intended to confine Mr. Scott; Mr. Scott was conscious of his confinement; and Mr. Scott did not consent to the confinement which was not otherwise privileged.

53      Defendants did not have probable cause nor even a reasonable suspicion to stop, search and arrest Mr. Scott.

54      As a direct consequence of Defendants' actions, Mr. Scott was deprived of his rights, privileges and immunities pursuant to the common law of the State of New York and more

particularly, his right to be free from arrest without probable cause.

55  Among other invasions of his privacy, offenses to his dignity and violations of his rights, Mr. Scott was subjected to being handcuffed, searched, confined, insulted, humiliated, embarrassed and he was otherwise harmed.

56  By reason of the foregoing, Mr. Scott has been damaged in a sum to be determined at trial.

WHEREFORE, Plaintiffs demand judgment against the Defendants

(a) in awards of compensatory and punitive damages on their federal cause of action and of compensatory damages on Mr. Scott's state cause of action in amounts to be determined at trial;

(b) an award of reasonable attorney's fees as well as the costs and disbursements of this action; a trial by jury of all issues set forth in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
       November 26, 2014

_____
FRED LICHTMACHER (FL-5341)
The Law Office of Fred Lichtmacher P.C.
Attorneys for Plaintiffs
The Empire State Building
350 5th Avenue, Suite 7116
New York, New York 10118
(212) 922-9066

Zachary Carter
New York City Corporation Counsel
100 Church Street
New York, New York 10007
(212) 788-0303